# DECEMBER 20, 1944

RAYMOND THOMAS ACTON V. THE STATE.

No. 23004. Delivered December 20, 1944.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the theft of property under the value of fifty dollars. The penalty assessed is confinement in the county jail for a period of thirty days and a fine of ten dollars.

The only question presented for review is the sufficiency of the evidence to sustain the conviction. The State's witness, Charles Vernon Darden, testified that he was Assistant Manager of the Ben E. Keith Company; that shortly after the 31st day of March, 1944, he saw at Mr. Parker's store in Arlington, Texas, "a piece of a sack or a bunch of potatoes, and an empty crate that had had strawberries in it, and an empty box that had oranges in it, and a box of Pure Gold lemons, which was the property that came from our store." He further testified:

"I did not see anybody take the stuff. I do not know that the stuff was taken from me. As to whether I missed it at all, I know nothing but what the invoices showed. * * * I did not recover it back, and only saw a part of it after that, and the part that I saw, I saw in Mr. Parker's store, * * * and that which I saw, I identified as our stuff. * * * It was taken from my store, and I didn't give anybody any authority to take it."

Hollis E. Parker testified that along about the latter part of March, the defendant came to his store in company with two other men; that he purchased from them a sack of potatoes, a crate of strawberries, a box of oranges, a box of lemons and a lug of tomatoes for the sum of "a little over twenty dollars"; that within the next day or two the detectives brought the defendant to his store and he at that time identified him as being one of the men who came out there at the time he purchased the stuff in question. At that time Mr. Darden looked over the stuff there and identified it as his stuff. However, on cross-examination, Parker testified:

"There was only one of them that made the deal with me and who sold me the stuff. He did not come in the store by himself, however, but all three of them came in there to the store; but the man that I talked to wasn't this man here, the defendant in this case, and when I paid for the stuff which I purchased

660

on that occasion, I did not pay the money to this man, the defendant in this case, and in fact, (I) did not have any business transaction with him at all."

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his motion for an instruction to the jury to return a verdict of not guilty. We are of the opinion that the trial court erred in this respect. There is not any evidence, either direct or circumstantial, which connects appellant with the theft of the property in question. The mere fact that he came into Parker's place of business with the party who sold the produce to Parker, without any evidence that he claimed the property or exercised any act of ownership or claimed any interest therein, is not sufficient to connect him with the theft of the property in question.

The State's Attorney before this court concedes that the evidence is insufficient to sustain the conviction, and with this conclusion we are in accord.

Therefore, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.